*J. & J. W. Rodman, for appellants.*
*J. L. Scott, for appellees.*

---

WM. BLACKBURN *v.* RICHARD MANN.

[Abstract Kentucky Law Reporter, Vol. 3—757.]

**Relief Specifically Demanded.**
    The Code [Civ. Code (1876), Ch. 2, § 90] expressly provided that when no defense is made the plaintiff is not entitled to judgment for any relief not specifically demanded.

**Pleading a Mere Conclusion.**
    A plaintiff, seeking to enforce a lien in a suit on notes, who, in his petition, confines himself to the bare statement that the notes are a lien on the land, pleads a mere conclusion and states no cause of action authorizing any equitable relief.

APPEAL FROM PENDLETON CHANCERY COURT.

April 6, 1882.

OPINION BY JUDGE PRYOR:

While the petition may have authorized a personal judgment it was error to have rendered such a judgment as no relief was asked for in the petition. It is alleged that the appellee is the owner and holder of the notes sued upon, and that the appellant promised and agreed to pay them, and while it would have been better pleading to have stated to whom the promise was made, after judgment it was too late to take advantage of the error. In this case no defense was made and the code expressly provides that in such a case the plaintiff can not have judgment for any relief not specifically demanded. Civ. Code (1876), Ch. 2, § 90. Nor was the judgment enforcing the lien proper under the pleadings. It is averred that the notes are liens on a certain tract of land but how those liens were created does not appear. There is no allegation that the plaintiff or his assignee sold the land or that it was created (the lien) by mortgage or in any other manner, the pleader confining himself to the bare statement that the notes were a lien on the land, there was therefore no cause of action stated authorizing any equitable relief.

The judgment is *reversed* and cause remanded with directions to permit the appellee to amend his pleadings and if not amended within a reasonable time to dismiss his action without prejudice.

*A. R. Clarke, L. T. Applegate, for appellant.*

*T. C. Buckley, for appellee.*

[Cited, *Bitzer v. Mercke*, 111 Ky. 299, 23 Ky. L. 670, 63 S. W. 771.]